**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| TERRELL RICHARDSON, #R48587, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 25-cv-02145-RJD |
| | ) | |
| DARREN GALLOWAY, | ) | |
| BRANDON ANTHONY, and | ) | |
| WEXFORD HEALTH SOURCES, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**DALY, Magistrate Judge:**

Plaintiff Terrell Richardson, an inmate of the Illinois Department of Corrections ("IDOC") currently incarcerated at Danville Correctional Center, filed the instant lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights during his incarceration at Shawnee Correctional Center. He claims defendants subjected him to unsanitary and dangerous conditions, and seeks monetary damages and injunctive relief. (Doc. 1).

This case is now before the Court for preliminary review of the Complaint under 28 U.S.C. § 1915A,[1] which requires the Court to screen prisoner Complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

### The Complaint

Plaintiff makes the following allegations in the Complaint (Doc. 1):  Plaintiff arrived at

---

[1] The Court has jurisdiction to screen the Complaint due to Plaintiff's consent to the full jurisdiction of a Magistrate Judge (Doc. 6), and the limited consent to the exercise of Magistrate Judge jurisdiction as set forth in the Memoranda of Understanding between this Court, Wexford Health Sources, Inc., and the IDOC.

Shawnee on April 24, 2025 (Doc. 1, p. 5). He soon found that other inmates routinely urinated and defecated in the group shower room when officers refused to allow them back to their cells. Plaintiff asked dayroom staff monitoring the shower to let him return to his cell to use the toilet but was denied permission.

Plaintiff wrote two emergency grievances over the problem; the second was deemed non-emergency by the CAO (Doc. 1, pp. 6, 10). The counselor responded that toilets had been removed from the dayroom for PREA compliance and dayroom staff are to allow inmates back to their rooms to use the restroom. However, the inmate would forfeit the rest of their dayroom time.

Soon after receiving that grievance response, Plaintiff spoke with both Defendant Warden Galloway and Defendant Warden Anthony, informing them that staff were not allowing inmates to go to their cells during dayroom times to use the toilets and as a result, inmates use the shower stalls as their toilets (Doc. 1, p. 6). Galloway and Anthony responded they had heard of this situation but there was nothing more they could do about it (Doc. 1, p. 7). Galloway told Plaintiff he may need to get into the shower before other inmates and then "walk off." *Id.*

Plaintiff told Galloway and Anthony these conditions posed a threat to his health. Plaintiff has bumps and rashes on his feet and ankles that were treated with antifungal cream and powder (Doc. 1, p. 7). He also suffered chest pain and received an EKG test.

Based on the allegations in the Complaint, the Court designates the following claim in this *pro se* action:

> Count 1: Eighth Amendment claim against Galloway, Anthony, and Wexford Health Sources for subjecting Plaintiff to unconstitutional conditions of confinement by exposing him to human waste in the showers at Shawnee.

Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading

2

standard.[2]

## Discussion

### Count 1

Prison conditions that deprive inmates of basic human needs – food, medical care, sanitation, or physical safety – may violate the Eighth Amendment. *Rhodes v. Chapman*, 452 U.S. 337, 346-47 (1981). To state an Eighth Amendment claim for unconstitutional conditions of confinement, a plaintiff must plead facts suggesting he was denied "the minimal civilized measure of life's necessities," amounting to a serious deprivation of basic human needs that created an excessive risk to his health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *see also Rhodes*, 452 U.S. at 347. A prisoner must also sufficiently allege that the prison official acted or failed to act despite the official's knowledge of a substantial risk of serious harm from the conditions. *Farmer*, 511 U.S. at 842. "[D]eliberate indifference may be found where an official knows about unconstitutional conduct and facilitates, approves, condones, or turns a blind eye to it." *Perez v. Fenoglio*, 792 F.3d 768, 781 (7th Cir. 2015). Exposure to human waste may support an Eighth Amendment claim. *See Christopher v. Buss*, 384 F.3d 879, 882 (7th Cir. 2004) (internal citations omitted) ("An objectively 'sufficiently serious' risk . . . is one that society considers so grave that to expose *any* unwilling individual to it would offend contemporary standards of decency [such as] the acute risks posed by exposure to raw sewage. . . .").

The allegations in the Complaint are sufficient for Plaintiff to proceed on the claim in Count 1 against Defendants Galloway and Anthony.

However, the Complaint fails to state a claim against Defendant Wexford Health Sources ("Wexford"). Plaintiff fails to mention Wexford in the statement of claim and does not describe

---

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face.").

any action by Wexford that allegedly violated his constitutional rights. Merely invoking the name of a potential defendant is not sufficient to state a claim. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). Wexford is a corporation that provided medical care at Shawnee during the relevant time, but it can be held liable for deliberate indifference only if it had a policy or practice that caused the alleged violation of a constitutional right. *Woodward v. Corr. Med. Serv. of Ill., Inc.*, 368 F.3d 917, 927 (7th Cir. 2004). Plaintiff fails to allege that any Wexford policy caused a constitutional violation. His brief mention of his medical problems indicates that he received treatment for the foot/ankle rash and chest pain. Accordingly, Wexford will be dismissed from Count 1 and from the action.

Finally, Plaintiff's request for injunctive relief is specific to the alleged conditions at Shawnee (Doc. 1, p. 9). Because Plaintiff is no longer incarcerated there, this request has become moot. *See Lehn v. Holmes*, 364 F.3d 862, 871 (7th Cir. 2004).

Count 1 will proceed only against Galloway and Anthony.

### **Disposition**

The Complaint states colorable claims in Count 1 against Defendants Galloway and Anthony. Wexford Health Sources is **DISMISSED** from the action without prejudice.

The Clerk shall prepare for Darren Galloway and Brandon Anthony: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will require the Defendant to pay the full costs of formal

service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk and shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Local Rule 8.2, Defendants need only respond to the issues stated in this Merit Review Order**.

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. §1915, he will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing parties informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

Finally, based on the allegations in the Complaint, the Clerk of Court is **DIRECTED** to **ENTER** the standard qualified protective order pursuant to the Health Insurance Portability and

Accountability Act.

**IT IS SO ORDERED.**

**DATED:  April 13, 2026**

*s/ Reona J. Daly*
**REONA J. DALY**
**United States Magistrate Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the Defendants of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, Defendants will enter an appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the Defendants' Answer, but it is entirely possible that it will take **90 days** or more. When Defendants have filed their Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, to give the Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.